MICHAEL A. SHEHAN (SUBSTITUTED FOR WILLIAM G. FISHER), RESPONDENT, v. PATRICK MAHAR, JAMES W. PAGE AND H. B. FREEMAN, APPELLANTS.

*Receiver — of property levied upon under an attachment.*

APPEAL from an order appointing a receiver.

This action was brought by William S. Fisher, September 12, 1878. The complaint alleges that the plaintiff and defendant

Mahar are the owners in common of a certain trotting horse known as "Billy O'Neil," of the value of $1,000. That the horse was purchased by plaintiff and Mahar about September, 1874; that the plaintiff has for upwards of a year, by the consent of Mahar, managed and controlled the horse and incurred expenses in the transportation, keeping, etc., of said horse amounting to $354; that the plaintiff, while the horse was in his possession, made an agreement with the defendant, James W. Page, of which a copy is made a part of the complaint, by which Page was entitled to possession of the horse, and to one-half his net earnings; that the defendant Mahar wrongfully took the horse from the possession of Page without plaintiff's consent and removed him from Albany to Montgomery county; that Page had brought an action against plaintiff and defendant Mahar in which a warrant of attachment had issued under which the sheriff of Montgomery county had levied on the horse, and the horse was then in the custody of the sheriff; that the sheriff had caused the horse to be appraised at a sum far below its actual value, namely at the sum of $200; that the defendant Mahar resides in the State of Illinois, is entirely insolvent and without means; that the defendant Freeman claims to be the owner of the horse under a purchase from Mahar, but such claim is fictitious and unfounded; that the defendants Freeman and Mahar are acting in collusion, and that there is danger that by said low and insufficient appraisal the defendant Mahar will be able to and will take the horse again into his own possession, and by some pretended sale, or by removing the horse beyond the jurisdiction of the court, deprive the plaintiff of his property. The relief prayed for includes an injunction, the appointment of a receiver, an accounting, a sale of the horse, and a distribution of the proceeds among the parties entitled.

The court at General Term said: "The order appointing a receiver of this property was proper under the decision of this court in *Andrews* v. *Betts* (8 Hun, 322). That case seems to have been overlooked by the counsel for the respective parties. It is, however, an authority sustaining the present action and justifying the appointment of a receiver. The final judgment and distribution of the proceeds of the sale of the horse will be such, as shall protect the rights of all the parties to the action."

*F. Fish,* for the appellants. *Matthew Hale,* for the respondent. Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and printing disbursements.